**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Abraham Bustamante, | No. CV-23-00022-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tony Taylor, et al., | |
| Defendants. | |

Plaintiff Julian Abraham Bustamante, who is currently confined in the Arizona State Prison Complex, filed a one-count pro se Complaint on January 11, 2023, alleging that Defendants used excessive force against him during an incident in the Pima County Jail.  (Doc. 1.)  On screening under 28 U.S.C. § 1915A(a), the Court ordered Defendants Tony Taylor, Stephen Perko, and Manh Vu to answer the excessive force claim alleged against them, and the Court dismissed the remaining Defendants.  (Doc. 11.)  Pima County representative Lisa Strole accepted service on Defendant Taylor's behalf on May 9, 2023.  (Doc. 15.)   The Process Receipt and Return forms for Perko and Vu indicate the United States Marshal's Service has been unable to serve those defendants at the addresses provided by Plaintiff.  (Docs. 14, 16, 36, 37.)

Defendant Taylor did not timely respond to Plaintiff's Complaint, and the Clerk of Court entered default against him on September 27, 2023.  (Doc. 25.)  Pending before the Court is Plaintiff's Motion for Entry of Default Judgment.  (Doc. 28.)

. . . .

1    **I.      Motion for Entry of Default Judgment Against Defendant Taylor**

2            "When a party against whom a judgment for affirmative relief is sought has failed

3    to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

4    must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff may thereafter apply

5    for entry of a default judgment. Fed. R. Civ. P. 55(b). The Court may conduct a hearing

6    if necessary to enter or effectuate judgment. Fed. R. Civ. P. 55(b)(2). In determining

7    whether to grant a default judgment, courts consider "(1) the possibility of prejudice to

8    the plaintiff, (2) the merits of [the] plaintiff's substantive claim, (3) the sufficiency of the

9    complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute

10   concerning material facts[,] (6) whether the default was due to excusable neglect, and (7)

11   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on

12   the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

13           **A.  *Eitel* Factors**

14           The first *Eitel* factor favors default judgment. Despite being served with process,

15   Taylor has not answered or otherwise responded to the Complaint. If default judgment is

16   not entered, Plaintiff would lose the right to judicial resolution of his claim against

17   Taylor.

18           The Court has already determined that Plaintiff's Complaint states a Fourteenth

19   Amendment excessive force claim against Taylor. (*See* Doc. 11 at 6.) Where a

20   complaint states a plausible claim for relief under the pleading standards of Federal Rule

21   of Civil Procedure 8, the second and third *Eitel* factors favor default judgment.

22   *Valenzuela v. Regency Theater*, No. CV-18-2013-PHX-DGC, 2019 WL 5721062, at *1

23   (D. Ariz. Nov. 5, 2019) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir.

24   1978)).

25           The fourth *Eitel* factor also favors default judgment. In his Complaint, Plaintiff

26   sued multiple defendants for excessive force and sought a total of $115,000 in

27   compensatory damages for his injuries. (Doc. 1 at 7.) In an Affidavit filed in support of

28   his Application for Entry of Default, Plaintiff indicates he seeks damages of $30,000

against Taylor.   (Doc. 24.)[1]   The amount of damages at issue is not "too large or unreasonable in relation to defendant's conduct."  *Mayer v. Redix*, No. ED CV-12-515-DMG(E), 2014 WL 4258125, at *7 (C.D. Cal. Aug. 26, 2014) (internal quotation marks omitted).

"Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Given Taylor's complete failure to respond or appear and the Clerk's entry of default against him, there is no indication in the current record of a possible dispute concerning material facts.  Nor is there any indication in the current record that Taylor's default was due to excusable neglect.  Accordingly, the fifth and sixth *Eitel* factors favor default judgment.  The policy favoring decisions on the merits supports denying default judgment, but it does not sufficiently outweigh the other *Eitel* factors, which as a whole support granting default judgment.  Accordingly, the Court will enter default judgment against Taylor on the issue of liability.

**B. Damages**

A complaint's factual allegations relating to the amount of damages are not taken as true on default.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  A plaintiff seeking default judgment must present "an evidentiary basis for the damages sought."  *Cement & Concrete Workers Dist. Council Welfare Fund. v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).  Federal Rule of Civil Procedure 55(b)(2)(B) allows the court to conduct hearings to determine the amount of damages.

In his Motion for Default Judgment, Plaintiff avers that he continues to suffer ringing in his ears, blurred vision, memory loss, extreme daily headaches, nightmares, and difficulty walking as a result of Defendant's conduct.  (Doc. 28 at 2.)  However,

---

[1] In his Motion for Default Judgment, Plaintiff purports to increase his compensatory damages request to $900,000 and to add a request for punitive damages in the amount of $1,200,000.  (Doc. 28 at 3.)  However, Federal Rule of Civil Procedure 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Accordingly, in a default judgment, Plaintiff may not obtain compensatory damages exceeding what he demanded in his Complaint, and he may not obtain punitive damages.

1    Plaintiff has not submitted any documentary evidence in support of his requested
2    compensatory damages. Furthermore, it is unclear from the Complaint which portion of
3    Plaintiff's alleged injuries are attributable to Taylor and which are attributable to Perko
4    and Vu. Accordingly, the Court finds that an evidentiary hearing is necessary under Rule
5    55(b)(2)(B) to determine the amount of damages.

6         The Court will order that Plaintiff appear at the evidentiary hearing via video
7    teleconference. If Plaintiff seeks to appear in person, he may file a motion for issuance of
8    writ of habeas corpus ad testificandum.

9         If Plaintiff intends to subpoena any witnesses to testify at the evidentiary hearing,
10   he must comply with General Order 18-19, which states:

11         [A]ny self-represented litigant who wishes to serve a subpoena must file a
12         motion with the Court for issuance of the subpoena. The motion must (1)
           be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the
13         name and address of the witness to be subpoenaed and the custodian and
           general nature of any documents requested, and (4) state with particularity
14         the reasons for seeking the testimony and documents. The assigned judge
           shall determine whether the requested subpoena shall issue. Issuance of the
15         subpoena shall not preclude any witness or person subpoenaed, or other
           interested party, from contesting the subpoena.

16   Any motion for issuance of subpoenas under General Order 18-19 must be filed
17   sufficiently in advance of the evidentiary hearing to allow the Court to resolve the motion
18   and to allow the United States Marshal's Service to serve the subpoenas, if the Court
19   determines they should issue.

20   **II.    Defendants Perko and Vu**

21        Despite multiple extensions of the deadline for serving Defendants Perko and Vu
22   (*see* Doc. 22 at 2; Doc. 30 at 2-3), Plaintiff has been unable to provide the United States
23   Marshal's Service with addresses at which those defendants can be served (*see* Docs. 14,
24   16, 36, 37). The extended deadline for serving Defendants Perko and Vu expired on
25   December 26, 2023. (*See* Doc. 30 at 2-3.) The Court has repeatedly warned Plaintiff that
26   Defendants Perko and Vu may be dismissed if not timely served. (*See* Doc. 11 at 8; Doc.
27   30 at 2-3.)

28        Although "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled

to rely on the U.S. Marshal for service of the summons and complaint," it is still the plaintiff's responsibility to "provide[] the necessary information to help effectuate service[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  If a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

The Court will order Plaintiff to show cause why Defendants Perko and Vu should not be dismissed for failure to serve.

**IT IS ORDERED** that default judgment as to liability is entered against Defendant Tony Taylor and in favor of Plaintiff Julian Abraham Bustamante.

**IT IS FURTHER ORDERED** that an evidentiary hearing on damages is set for **March 21, 2024, at 1:30 p.m.**, before the Honorable Rosemary Márquez, in Courtroom 5A of the United States District Court for the District of Arizona, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, AZ 85701.

**IT IS FURTHER ORDERED** that Plaintiff shall appear at the evidentiary hearing via video teleconference.  If Plaintiff seeks to appear in person, he may file a motion for issuance of writ of habeas corpus ad testificandum within **fifteen (15) days** of the date this Order is filed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank Subpoena to Testify at a Hearing or Trial in a Civil Case (Form AO 88).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1
2
3
4
5
6

**IT IS FURTHER ORDERED** that, within **fifteen (15) days** of the date this Order is filed, Plaintiff shall show cause why Defendants Perko and Vu should not be dismissed for failure to serve.  Plaintiff is warned that if he fails to respond to this Order, or if his response does not show good cause for an additional extension of the time limit for service under Rule 4(m) of the Federal Rules of Civil Procedure, Defendants Perko and Vu will be dismissed.

7

Dated this 31st day of January, 2024.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Honorable Rosemary Márquez
United States District Judge

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td>_____<br><i>Plaintiff</i><br>v.<br>_____<br><i>Defendant</i></td><td>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.</td></tr>
</table>

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: _____

<i>(Name of person to whom this subpoena is directed)</i>

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

<table>
<tr><td rowspan="2">Place:</td><td>Courtroom No.:</td></tr>
<tr><td>Date and Time:</td></tr>
</table>

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).