**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Abraham Bustamante,<br><br>   Plaintiff,<br><br>v.<br><br>Tony Taylor, et al.,<br><br>   Defendants. | No. CV-23-00022-TUC-RM<br><br>**ORDER** |

On February 1, 2024, this Court granted default judgment as to liability against Defendant Tony Taylor and set an evidentiary hearing on damages for March 21, 2024 at 1:30 p.m. (Doc. 38.) Currently pending before the Court is Plaintiff's Motion for Issuance of Writ of Habeas Corpus Ad Testificandum (Doc. 39), Motion for Issuance of Subpoena (Doc. 40), and Motion to Obtain Medical Files from Arizona Department of Corrections, Rehabilitation and Reentry (Doc. 41).

**I.    Motion for Issuance of Writ of Habeas Corpus Ad Testificandum**

Plaintiff states that he would like to appear in person at the evidentiary hearing, and he asks the Court to issue a writ of habeas corpus ad testificandum. (Doc. 39.)

"[I]mprisonment suspends [a] plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf." *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989). However, a district court has "power to issue a writ of habeas corpus ad testificandum to secure the testimony of a [] prisoner witness." *Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (per curiam) (citing *Ballard v.*

*Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *see also* 28 U.S.C. § 2241(c)(5). In determining whether to issue a writ to secure a prisoner's physical presence at trial, district courts consider (1) "whether the prisoner's presence will substantially further the resolution of the case"; (2) "the security risks presented by the prisoner's presence"; (3) "the expense of the prisoner's transportation and safekeeping"; and (4) "whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins*, 717 F.2d at 468 n.1 (quoting *Ballard*, 557 F.2d at 480). The focus of the inquiry is "the need for the prisoner's testimony vis-à-vis the difficulties attendant to securing it." *Ballard*, 557 F.2d at 481. Videoconferencing offers a viable alternative to in-person appearance that allows for an inmate plaintiff to meaningfully participate in a hearing while alleviating the cost and expense associated with transporting the inmate to the courthouse. *See Montes v. Rafalowski*, No. C 09-0976 RMW, 2012 WL 2395273, at *2 (N.D. Cal. June 25, 2012); *Perotti v. Quinones*, 790 F.3d 712, 723-24 (7th Cir. 2015).

Plaintiff's Motion does not address any of the factors that this Court must consider in determining whether to issue a writ of habeas corpus ad testificandum to secure an inmate plaintiff's in-person appearance. Furthermore, Plaintiff does not address why his appearance via videoconference technology is an unacceptable alternative to an in-person appearance. The Court will accordingly deny Plaintiff's Motion with leave to re-file a motion that addresses the appropriate factors.

**II.     Motion for Issuance of Subpoena**

Plaintiff asks the Court to issue a subpoena commanding him to appear in Court for the evidentiary hearing. (Doc. 40.) The Court has already ordered Plaintiff to appear at the evidentiary hearing via videoconference technology (Doc. 38 at 5), and there is no need for Plaintiff to subpoena himself. Accordingly, the Court will deny this Motion as moot.

**III.    Motion to Obtain Medical Files**

Plaintiff asks the Court to grant him print outs of his medical files from October 7, 2022, to February 10, 2024, for use in the evidentiary hearing currently set for March 21,

1  2024. (Doc. 41.) If Plaintiff wishes to use his medical files at the evidentiary hearing, he
2  may seek copies of the files via an informal request to the Arizona Department of
3  Corrections, Rehabilitation and Reentry, or he may move for issuance of a subpoena
4  commanding the custodian of the records to produce the files to him. Any motion for
5  issuance of a subpoena shall comply with General Order 18-19 and include a copy of the
6  proposed subpoena. The Court will direct the Clerk to mail Plaintiff a blank Subpoena to
7  Produce Documents (form AO 88B), to assist Plaintiff in filing a motion that complies
8  with General Order 18-19.

### IV. Continuance of Evidentiary Hearing

To allow time to resolve any re-filed motion for issuance of writ of habeas corpus ad testificandum and any motion for issuance of a subpoena to produce medical files, the Court will continue the evidentiary hearing to May 16, 2024.

**IT IS ORDERED** that Plaintiff's Motion for Issuance of Writ of Habeas Corpus Ad Testificandum (Doc. 39) is **denied without prejudice and with leave to re-file** a motion that addresses the appropriate factors, as set forth above.

**IT IS ORDERED** that Plaintiff's Motion for Issuance of Subpoena (Doc. 40) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Obtain Medical Files is **denied**, with leave to file a motion for issuance of a subpoena commanding the custodian of record to produce the requested medical files. The Clerk of Court is directed to mail Plaintiff a blank Subpoena to Produce Documents (form AO 88b).

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

**IT IS FURTHER ORDERED** that the evidentiary hearing currently set for March 21, 2024 is **vacated and reset to May 16, 2024 at 1:30 p.m.**, before the Honorable Rosemary Márquez, in Courtroom 5A of the United States District Court for the District of Arizona, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, AZ 85701. Unless otherwise ordered, Plaintiff shall appear at the evidentiary hearing via videoconference technology.

Dated this 12th day of March, 2024.

_____
Honorable Rosemary Márquez
United States District Judge

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*
OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).